# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| HARDNICK, LAURA L | § | Case No. 08-06184 |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. The debtor filed a petition under chapter ____ of the United States Bankruptcy Code on _____. The undersigned trustee was appointed on _____.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of          $

    Funds were disbursed in the following amounts:

    Administrative expenses
    Payments to creditors
    Non-estate funds paid to 3rd Parties
    Payments to the debtor

    Leaving a balance on hand of[1]     $

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing claims in this case was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (9/1/2009) *(Page: 1)*

claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

      7.  The Trustee's proposed distribution is attached as **Exhibit D**.

      8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

      The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____.  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $____, and now requests reimbursement for expenses of $____, for total expenses of $____.

      Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/CATHERINE STEEGE_____
                                                            Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 1

Exhibit A

| Case No: | 08-06184  SPS  Judge: SUSAN PIERSON SONDERBY | Trustee Name: | CATHERINE STEEGE |
|---|---|---|---|
| Case Name: | HARDNICK, LAURA L | Date Filed (f) or Converted (c): | 03/14/08 (f) |
| | | 341(a) Meeting Date: | 04/16/08 |
| For Period Ending: | 01/26/10 | Claims Bar Date: | 10/06/09 |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) DA=554(c) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets | Lien Amount | Exempt Amount |
| 1. Checking with Charter One | 112.00 | 0.00 | | 0.00 | FA | 0.00 | 0.00 |
| 2. 5 rooms of furniture and household goods with stan | 1,200.00 | 0.00 | | 0.00 | FA | 0.00 | 0.00 |
| 3. personal clothing | 350.00 | 0.00 | | 0.00 | FA | 0.00 | 0.00 |
| 4. PrimeAmerica Life Insurance - term life | 0.00 | 0.00 | | 0.00 | FA | 0.00 | 0.00 |
| 5. Wal Mart | 240.00 | 0.00 | | 0.00 | FA | 0.00 | 0.00 |
| 6. Laura Hardnick vs. Mount Sanai Hospital Wrongful Death | 0.00 | 50,000.00 | | 0.00 | FA | 0.00 | 0.00 |
| 7. Laura Hardnick vs. Lawndale Christian Health Wrongful Death | 0.00 | 50,000.00 | | 75,000.00 | FA | 0.00 | 0.00 |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.40 | Unknown | 0.00 | 0.00 |
| TOTALS (Excluding Unknown Values) | $1,902.00 | $100,000.00 | | $75,000.40 | Gross Value of Remaining Assets $0.00 (Total Dollar Amount in Column 6) | $0.00 | $0.00 |

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Debtor tried wrongful death case in December. Waiting for court ruling.

\* Amount recovered was $3 million; per 12/15/09 Order $75,000 turned over to the estate.

LFORM1EX

UST Form 101-7-TFR (9/1/2009) *(Page: 3)*

Ver: 15.06

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2
Exhibit A

| | | |
|---|---|---|
| Case No: | 08-06184   SPS   Judge: SUSAN PIERSON SONDERBY | Trustee Name: CATHERINE STEEGE |
| Case Name: | HARDNICK, LAURA L | Date Filed (f) or Converted (c): 03/14/08 (f) |
| | | 341(a) Meeting Date: 04/16/08 |
| | | Claims Bar Date: 10/06/09 |

Initial Projected Date of Final Report (TFR): 12/31/09   Current Projected Date of Final Report (TFR): 12/31/09

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1

Exhibit B

| Case No: | 08-06184 -SPS | Trustee Name: | CATHERINE STEEGE |
|---|---|---|---|
| Case Name: | HARDNICK, LAURA L | Bank Name: | BANK OF AMERICA, N.A. |
| | | Account Number / CD #: | *******5867  Money Market Account (Interest Earn |
| Taxpayer ID No: | *******1673 | | |
| For Period Ending: | 01/26/10 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 12/22/09 | 7 | Donald T. Bertucci, Ltd. Attorneys At Law 30 West Monroe Street, Suite 710 Chicago, IL  60603 | Amount recovered was $3 million; per 12/15/09 Order $75,000 turned over to the estate. | 1149-000 | 75,000.00 | | 75,000.00 |
| 12/31/09 | INT | BANK OF AMERICA, N.A. | Interest Rate  0.050 | 1270-000 | 0.40 | | 75,000.40 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | 75,000.40 | 0.00 | 75,000.40 |
| Less:  Bank Transfers/CD's | 0.00 | 0.00 | |
| Subtotal | 75,000.40 | 0.00 | |
| Less:  Payments to Debtors | | 0.00 | |
| Net | 75,000.40 | 0.00 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| Money Market Account (Interest Earn - ********5867 | 75,000.40 | 0.00 | 75,000.40 |
| | ---------------------- | ---------------------- | ---------------------- |
| | 75,000.40 | 0.00 | 75,000.40 |
| | ============== | ============== | ============== |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals           75,000.40           0.00

Ver: 15.06

LFORM24

UST Form 101-7-TFR (9/1/2009) *(Page: 5)*

EXHIBIT C
ANALYSIS OF CLAIMS REGISTER

| Case Number: | 08-06184 | | Page 1 | | | Date: January 26, 2010 |
| Debtor Name: | HARDNICK, LAURA L | | Claim Class Sequence | | | |

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 001 3110-00 | JENNER & BLOCK LLP<br>353 N. Clark Street<br>CHICAGO, IL 60654-3456 | Administrative | | $0.00 | $2,378.78 | $2,378.78 |
| 999 8200-00 | LAURA L HARDNICK<br>3248 W. 19TH ST.<br>CHICAGO, IL 60623 | Unsecured | | $0.00 | $45,402.91 | $45,402.91 |
| 000001 070 7100-00 | ComEd Company<br>Attn Revenue Management Dept<br>2100 Swift Drive<br>Oak Brook IL 60523 | Unsecured | | $0.00 | $234.19 | $234.19 |
| 000002 070 7100-00 | Asset Acceptance LLC/Assignee New York & Company<br>PO Box 2036<br>Warren MI 48090 | Unsecured | | $0.00 | $216.36 | $216.36 |
| 000003 070 7100-00 | LVNV Funding LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Unsecured | | $0.00 | $690.01 | $690.01 |
| 000004 070 7100-00 | FIA CARD SERVICES, NA/BANK OF AMERICA<br>BY AMERICAN INFOSOURCE LP<br>AS ITS AGENT<br>PO Box 248809<br>Oklahoma City, OK 73124-8809 | Unsecured | | $0.00 | $19,372.73 | $19,372.73 |
| | Case Totals: | | | $0.00 | $68,294.98 | $68,294.98 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

Case 08-06184   Doc 45   Filed 01/26/10   Entered 01/26/10 12:06:16   Desc Main
                        Document      Page 7 of 10

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 08-06184
Case Name: HARDNICK, LAURA L
Trustee Name: CATHERINE STEEGE

Claims of secured creditors will be paid as follows:

| *Claimant* | *Proposed Payment* |
|---|---|
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|
| Trustee: CATHERINE STEEGE | $_____ | $_____ |
| Attorney for trustee: JENNER & BLOCK LLP | $_____ | $_____ |
| Appraiser: | $_____ | $_____ |
| Auctioneer: | $_____ | $_____ |
| Accountant: | $_____ | $_____ |
| Special Attorney for trustee: | $_____ | $_____ |
| Charges: | $_____ | $_____ |
| Fees: | $_____ | $_____ |
| Other: | $_____ | $_____ |
| Other: | $_____ | $_____ |

Applications for prior chapter fees and administrative expenses have been filed as follows:

|  | *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|---|
| *Attorney for debtor:* | | $ | $ |
| *Attorney for:* | | $ | $ |
| *Accountant for:* | | $ | $ |
| *Appraiser for:* | | $ | $ |
| *Other:* | | $ | $ |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be _____ percent.

Timely allowed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| *000001* | *ComEd Company* | $ | $ |

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 000002 | Asset Acceptance LLC/Assignee New York & Company | $ | $ |
| 000003 | LVNV Funding LLC | $ | $ |
| 000004 | FIA CARD SERVICES, NA/BANK OF AMERICA | $ | $ |

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

Tardily filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| _____ | _____ | $ | $ |
| _____ | _____ | $ | $ |
| _____ | _____ | $ | $ |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| _____ | _____ | $ | $ |
| _____ | _____ | $ | $ |

*Claim Number*     *Claimant*                                      *Allowed Amt. of Claim*     *Proposed Payment*

_____    _____   $_____   $_____

The amount of surplus returned to the debtor after payment of all claims and interest is $_____ .